UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund, <br><br> Plaintiffs, <br><br> v. <br><br> Buddy's Landscape-Construction, Inc., <br><br> Defendant. | Civil Action <br><br> Case No.: 21-CV-3956 |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Local 150 IUOE Vacation Savings Plan; ("the Funds"); and Construction Industry Research and Service Trust Fund ("CRF"), bring this action to collect delinquent fringe benefit contributions from Defendant, Buddy's Landscape-Construction, Inc. ("Buddy's" or "the Company").

**COUNT I – FUNDS' SUIT FOR DELINQUENT CONTRIBUTIONS**

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Buddy's is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Forest Park, Illinois.

3. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

4.      This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

5.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

6.      The Company identified Christopher Cail as Registered Agent and President with the Illinois Secretary of State (Exhibit A).

7.      On January 1, 2015, the Company through Christopher Cail signed two Memoranda of Agreements with the Union; one that adopted the terms of a collective bargaining agreement with the Illinois Landscape Contractors Bargaining Association (Plantsmen) (Exhibit B), (excerpts of the agreement attached as Exhibit C); and the other (Exhibit D) that adopted the terms of a collective bargaining agreement with the Contractors Association of Will & Grundy Counties (excerpts of the agreement attached as Exhibit E), (collectively "CBAs").

8.      The CBAs and the Agreements and Declarations of Trust incorporated therein require Buddy's to make fringe benefit contributions to the Funds.

9.      The CBAs and Trust Agreements additionally require Buddy's to:

(a)     Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b)     Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c)     Pay interest to compensate the Funds for the loss of investment income;

(d)     Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in the audit where it is determined that the Company was delinquent in the reporting or submission of contributions;

(e)     Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to require Buddy's to submit its payroll books and records for auditing or the recovery of delinquent contributions;

(f)     Furnish to the Funds a bond in an amount acceptable to the Funds.

10.     Buddy's is delinquent and has breached its obligations to the Funds and its obligations under the Plans by its refusal to submit delinquent fringe benefit contributions as requested by the Funds pursuant to a priority audit for the time period January 1, 2017 through November 9, 2018.

11.     The CBAs also require Buddy's to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Buddy's with respect to CRF as it does the Funds.

12.     Pursuant to the priority audit conducted by agents of the Funds, Buddy's has become delinquent in the submission of its reports and contributions due the Funds and CRF. As a result of this delinquency, the Company owes the Funds and CRF contributions, liquidated damages, and interest.

13.     The Funds have demanded that Buddy's perform its obligations stated above, but the Company has failed and refused to so perform (Exhibit F).

14.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

15.     Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions,

liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

16. Buddy's has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

17. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made Buddy's, there is a total of $55,431.31 known to be due the Funds from Buddy's, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Buddy's for all unpaid contributions as identified in the audit;

B. Enjoin Buddy's to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Require Buddy's to pay any contributions reasonably estimated to be due by the Funds for the audit period January 2017 through November 2018 when Buddy's failed and refused to timely submit contribution reports;

D. Enter judgment against Buddy's and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Buddy's cost.

## COUNT II - SUIT TO COLLECT CRF CONTRIBUTIONS

1-12. CRF re-alleges and incorporates herein by reference paragraphs 1 through 12 of Count I as paragraphs 1 through 12 as if fully stated herein.

13. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

14. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

15. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

16. Buddy's has not submitted all of its contribution reports to CRF. Buddy's has failed to make timely payment of all contributions acknowledged to be due according to the priority audit conducted by CRF's agent, and Buddy's has failed to pay interest and liquidated damages required by the CBAs. Accordingly, Buddy's is in breach of its obligations to the CRF under the CBAs.

17. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Buddy's, there is a total of $1,105.07 known to be due to CRF from Buddy's subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Order Buddy's to submit all delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against Buddy's for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Buddy's failure to submit all contribution reports required by the CBAs;

5

    C.    Enjoin Buddy's to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

    D.    Award CRF such further relief as may be deemed just and equitable by the Court, all at Buddy's cost.

Dated: July 26, 2021

Respectfully submitted,

By:   s/ Brad H. Russell
      One of the Attorneys for the Plaintiffs

Attorneys for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Institute for Worker Welfare, P.C.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6669
Fx: (708) 588-1647

6